NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LORICO S. EDWARDS,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2011-3236

---

Petition for review of the Merit Systems Protection Board in case no. SF0752110678-I-1.

---

Decided: June 12, 2012

---

LORICO S. EDWARDS, of Victorville, California, pro se.

MICHAEL A. CARNEY, General Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LINN, MOORE, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Lorico S. Edwards appeals the dismissal of his appeal to the Merit Systems Protection Board (MSPB) for lack of jurisdiction. Mr. Edwards was removed during his probationary period from his position as a Student Trainee IT specialist in the Systems Management Division with the Marine Corps Logistics Base. It is undisputed that Mr. Edwards was hired under an excepted appointment, and that his appointment was subject to a two-year trial period.

Mr. Edwards appealed his removal to the MSPB, alleging, inter alia, discrimination based on marital status and partisan political reasons in an attempt to establish jurisdiction under 5 C.F.R. § 315.806. The MSPB, however, found that Mr. Edwards could not avail himself of this regulation because it applied to the competitive service, and Mr. Edwards was hired in the excepted service. The MSPB also found that because Mr. Edwards failed to establish he was an employee as defined in 5 U.S.C. § 7511(a)(1), it did not have jurisdiction to hear his appeal pursuant to 5 U.S.C. § 7513(d). It dismissed Mr. Edwards's appeal, and Mr. Edwards appealed to our court. We have jurisdiction to review a final decision of the MSPB, 28 U.S.C. § 1295, and we review that decision pursuant to 5 U.S.C. § 7703(c).

Mr. Edwards does not dispute the MSPB's factual determination that he fails to qualify as an employee under either 5 U.S.C. § 7511(a)(1)(B) or § 7511(a)(1)(C), or its legal conclusion that 5 C.F.R. § 315.806 applies only to the competitive service. He nevertheless argues that we should consider the timing of the removal in deciding whether the MSPB correctly determined it lacked jurisdiction. Mr. Edwards claims that he was only a "couple of weeks" removed from a year's tenure, which he asserts

would put him into "a different employee bracket" and allow him less limited "rights of appeal." We need not decide whether or not this is the case because we are bound to apply the jurisdictional limits of the statute. Substantial evidence supports the MSPB's conclusions, and there is no indication that the MSPB abused its discretion or otherwise acted contrary to law in dismissing Mr. Edwards's appeal for want of jurisdiction. As a result, we affirm the dismissal for lack of jurisdiction.

## AFFIRMED

COSTS

No costs.